UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIEDRA BERRY,

       Plaintiff(s),

Case No. 09-14081

Honorable Nancy G. Edmunds

v.

BANK OF AMERICA, N.A. a/k/a BAC
HOME LOANS SERVICING, LP,

       Defendant(s).

_____/

**OPINION AND ORDER GRANTING DEFENDANTS'
<u>MOTION TO DISMISS [5]</u>**

This matter comes before the Court on Defendants' motion to dismiss for failure to state claims upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' motion is GRANTED.

**I.    Facts**

In 2007, Plaintiff Deidra Berry obtained two mortgage loans in connection with the purchase of her home commonly known as 32609 Greenland Court, Livonia, Michigan (Property). On March 9, 2007, Plaintiff obtained a loan from Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender,[1] in the amount of $278,000[2] with an interest rate of

_____

[1] Plaintiff alleges that she obtained the loan from "Shore Mortgage which the note apparently was transferred to Defendant." (Compl. ¶ 4.) The Note attached to the Complaint states: "The Lender is AMERICA'S WHOLESALE LENDER," not Shore Mortgage. (Compl. Ex. 1 at 1.)

[2] Plaintiff alleges in her Complaint that the loan was for $270,199.27. (Compl. ¶ 6.) The mortgage document attached to Plaintiff's Complaint, however, states that the loan was for $278,000.00. (Compl. Ex. 1 at 1.)

6.125% (Countrywide Loan). (Compl. ¶ 6; Ex. 1 at 1-2.) As security for the Countrywide Loan, Plaintiff granted a mortgage on the Property to Mortgage Electronic Registration Systems, Inc. (MERS), solely as nominee for Countrywide Home Loans, Inc. (Compl. ¶¶ 4-6; Defs.' Mot., Ex. B.) On March 23, 2007, Plaintiff obtained another mortgage on the Property–this one from Countrywide Bank, FSB (BOA Loan).[3] The BOA loan was in the amount of $65,000[4] with an interest rate of 8.5%. (Compl. ¶ 7; Defs.' Mot., Ex. C.) As security for the BOA Loan, Plaintiff granted a mortgage on the Property to MERS, solely as nominee for Countrywide Bank, FSB. (Compl. Ex. 1 at 3-9.)

On September 8, 2009, Plaintiff filed suit in the Wayne County Circuit Court making various allegations against Defendants concerning the March 2007 mortgage loan transactions. The Complaint presents numerous federal and state-law claims. (Notice of Removal ¶¶ 3-4; Compl. ¶¶ 8-18.) Plaintiff seeks rescission and damages.

Defendants removed the case to this Court on October 15, 2009 on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over Plaintiff's federal claims, and supplemental jurisdiction over Plaintiff's state-law claims, pursuant to 28 U.S.C. § 1367, because they are so related to the federal claims set forth in the Complaint that they form part of the same case or controversy. (Notice of Removal ¶¶ 3-4.) On October 22, 2009, Defendants filed this motion to dismiss. (Docket Text # 5.)

---

[3] According to Defendants, Bank of America, N.A. (BOA) is successor by merger to Countrywide Bank, FSB. (Defs.' Mot. at 1.) In the caption of this case, BAC Home Loans Servicing, LP (BAC) is identified as an assumed name of BOA. According to Defendants, this is erroneous: BAC is a separate legal entity. (Id.; Ex. A.)

[4] Plaintiff alleges in her Complaint that the loan was for $63,466.59. (Compl. ¶ 7.) The mortgage document attached to Plaintiff's Complaint, however, states that the loan was for $65,000.00. (Compl. Ex. 1 at 4.)

This matter is before the Court on Defendants' motion to dismiss for failure to state claims upon which relief can be granted.

## II.   Standard

Defendants bring its motion pursuant to Federal Rule of Civil Procedure 12(b)(6), although both parties rely on documents referred to in the Complaint. A Rule 12(b)(6) analysis generally forbids a court from considering documents outside the pleadings, *Gunasekera v. Irwin*, 551 F.3d 461, 469 n.4 (6th Cir. 2009); however, when "a document is referred to in the complaint and is central to the plaintiff's claim ..., the defendant may submit an authentic copy to the court to be considered on a motion to dismiss." *Greenberg v. Life Insurance Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (quoting 11 James Wm. Moore *et al.*, Moore's Federal Practice § 56.30[4] (3d ed. 1998)) (internal quotations omitted). Even if the Court were to address Defendants' motion under Federal Rule of Civil Procedure 56 summary judgment standard, it would not alter the Court's analysis.

### A.   Rule 12(b)(6) Motion to Dismiss Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d

3

545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

**B.  Rule 56 Motion for Summary Judgment**

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ.

4

P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

## III.   Analysis

Plaintiff filed this consumer lending case, making various allegations against Defendants concerning two mortgage loan transactions executed in March 2007. Plaintiff alleges that Defendants violated federal and state law by extending credit without regard to her ability to repay and by failing to provide all material disclosures required by law. In Count I of her Complaint, Plaintiff alleges Defendants violated the Home Ownership and

5

Equity Protection Act (HOEPA), 15 U.S.C. § 1639(h), and the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq.* In Count II, Plaintiff alleges a predatory lending claim sounding in both state and federal law. In Count III, Plaintiff alleges that Defendants violated the Michigan Consumer Protection Act (MCPA), Mich. Comp. Laws § 445.901 *et seq.* (Compl. ¶¶ 8-18.)

In its motion, Defendants argue that Plaintiff's Complaint should be dismissed under four alternate grounds: (1) neither BOA[5] or BAC is a proper party; (2) Plaintiff's have failed to allege that either TILA or HOEPA is applicable; (3) Plaintiff's TILA and HOEPA claims are barred by the applicable one-year statute of limitations for damages; (4) Plaintiff's predatory lending claim is not recognized under Michigan law; and (5) the MCPA is not applicable. This Court will address each in turn.

This matter is before the Court on Defendants' motion to dismiss. Because it is evaluating a Rule 12(b)(6) motion, the Court views the allegations in Plaintiff's Complaint in the light most favorable to her and assumes that all allegations are true.

## A. BAC: Improper Party

Defendants argue that BAC should be dismissed from this action because Plaintiff has mistakenly alleged that BAC is an assumed name of BOA. Defendants represent that BAC is a separate legal entity. Plaintiff, in her response, does not contest dismissal of BAC. Accordingly, Defendants are entitled to have all claims against BAC dismissed.

## B. Applicability of TILA and HOEPA

---

[5] This Court need not reach the merits of Defendants' argument that BOA, successor by merger entity to Countrywide Bank, FSB, is an improper party as all of Plaintiff's claims are dismissed under alternate grounds.

6

In Count I of her Complaint, Plaintiff alleges that Defendants violated HOEPA, 15 U.S.C. § 1639(h), asserting that Defendants' predecessor overstated her income and extended credit to Plaintiff without regard to her payment ability. Count I also alleges violations of the TILA, 15 U.S.C. §§ 1639(a)(1)(A)-(B) and (b)(1), contending that Defendants failed to make material disclosures to Plaintiff as required, that the disclosures provided were not timely, and that Plaintiff is entitled to rescission under 15 U.S.C. § 1635.[6]

To maintain a claim under HOEPA (15 U.S.C. § 1639(h)) or TILA (15 U.S.C. § 1601, *et seq.*), HOEPA or TILA, respectively, must apply to the specific mortgage transaction at issue, and Plaintiff must allege that it applies. *See, e.g., Walker v. Michael W. Colton Trust*, 47 F.Supp.2d 858, 865-66 (E.D. Mich. 1999). This Court holds that 15 U.S.C. §§ 1639(a)(1)(A)-(B) and (b)(1) apply to the loan transaction at issue in this matter, and that 15 U.S.C. §§ 1639(h) and 1635 do not.

As to her HOEPA claim under § 1639(h), Plaintiff has failed to allege that HOEPA applies to the loan transaction at issue in this matter. Section 1639(h) provides:

---

[6] In her response to Defendants' motion, Plaintiff also appears to allege claims of fraudulent concealment and silent fraud within her TILA claims. Plaintiff's Complaint, however, does not articulate such claims. To the extent that Plaintiff is also alleging fraudulent concealment or silent fraud, this Court finds that Plaintiff has failed to plead such claims in accordance with Federal Rules of Civil Procedure 9(b). To meet the particularity requirements of Rule 9(b), Plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F.Supp.2d 879, 883 (N.D. Ohio 1998). At a minimum, Plaintiff "must allege the time, place and contents of the misrepresentations upon which they relied." *Id.* Further, to survive a Rule 12(b)(6) motion to dismiss, Plaintiff's pleadings must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555). Plaintiff has simply failed to meet these requirements.

> A creditor shall not engage in a pattern or practice of extending credit to consumers under *mortgages referred to in section 1602(aa)* of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment.

15 U.S.C. § 1639(h) (emphasis added). Section 1602(aa) provides: "A mortgage referred to in this subsection means a consumer credit transaction that is secured by the consumer's principal dwelling, *other than a residential mortgage transaction.*" 15 U.S.C. § 1602(aa) (emphasis added). A "residential mortgage transaction" is defined as:

> a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling *to finance the acquisition* or initial construction of such dwelling.

15 U.S.C. § 1602(w) (emphasis added). Plaintiff alleges in her Compliant that she obtained both loans to finance the acquisition of her principal residential dwelling, and such loans are, thus, residential mortgage transactions which are not subject to 15 U.S.C. § 1639(h). Although Plaintiff, in her response to Defendants' motion, "contends the loan is a mortgage," Plaintiff offers no factual or legal support for her vague and conclusory statement. As Plaintiff has not sufficiently alleged that § 1639(h) applies to the mortgage transaction at issue, Defendants are entitled to dismissal of Plaintiff's claims under § 1639(h).

Similarly, Plaintiff's claim for violation of § 1635 fails. The right to rescind contained in § 1635 applies only to transactions in which a security interest "is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended." 15 U.S.C. § 1635(a). It does not apply to "a *residential mortgage transaction* as defined in section 1602(w) of this title." 15 U.S.C. § 1635(e)(1) (emphasis

8

added). As noted above, based on the allegations in Plaintiff's Complaint, the transactions at issue in this matter are residential mortgage transactions. As such, there is no right of rescission. Further, Plaintiff, in her response to Defendants' motion does not dispute Defendants' argument that § 1635 does not apply to the transactions at issue. Accordingly, Defendants are entitled to dismissal of Plaintiff's claims under § 1635.

### C.  TILA Claims under 15 U.S.C. §§ 1639(a)(1)(A)-(B) and (b)(1): Time Barred

Plaintiff alleges Defendants also violated TILA §§ 1639(a)(1)(A)-(B) and (b)(1) in failing to provide (or timely provide) material disclosures to Plaintiff as required. Defendants argue that Plaintiff's claims under TILA are barred by the statute of limitations. In response, Plaintiff argues that the statutory period has not run, or in the alternative, that her claims are subject to equitable tolling.

TILA's one-year statute of limitations is codified at 15 U.S.C. § 1640(e). *See* 15 U.S.C. §§ 1639, 1640(e). Section 1640(e) provides: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[T]he statute of limitations begins to run 'when the plaintiff has a complete and present cause of action' and thus 'can file suit and obtain relief.'" *Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp of Cal., Inc.*, 522 U.S. 192, 201 (1997) (internal quotations omitted)). Plaintiff obtained the loans in March 2007, and did not file the instant lawsuit until September 2009. This action was not commenced within one year, and the statutory period has, thus, run. Damages based on the March 2007 loans are, therefore, barred by the statute of limitations. *See id.*

Plaintiff further argues that the doctrine of equitable tolling should bar the application of the statute of limitations to her claims. The Sixth Circuit has held that § 1640(e) is subject to equitable tolling "in appropriate circumstances," such as fraudulent concealment. *Borg v. Chase Manhattan Bank USA, N.A.*, 247 F. App'x 627, 635 (6th Cir. 2007) (quoting *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1043 (6th Cir. 1984)). In applying equitable tolling to the "'doctrine of fraudulent concealment, the limitations period runs from the date on which the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation.'" *Id.* The Sixth Circuit has explained that to toll the limitations period on the basis of fraudulent concealment, "a plaintiff must show '(1) wrongful concealment of her actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts.'" *Hamilton County Bd. of Comm'rs v. NFL*, 491 F.3d 310, 315 (6th Cir. 2007) (quoting *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975)). Further, the alleged acts giving rise to the TILA claims cannot, standing alone, also support equitable tolling.[7]

The sole basis of Plaintiff's argument in support of equitable tolling is that "[w]ithout being provided with the information, Plaintiff was unaware of her rights." (Pl.'s Resp. at 7.)

---

[7] *See In re Community Bank of Northern Virginia*, 467 F.Supp.2d 466, 479 (W.D. Pa. 2006) ("[T]he fraudulent act(s) that provide the factual predicate for the claim, i.e. inaccurate loan documents, cannot also satisfy the factual predicate justifying equitable tolling. To so hold would render the statute of limitations meaningless for fraud by its nature requires a deceit thus, to state a case for fraud would always suffice to state a case for fraudulent concealment. Rather, the Objectors must show the defendants took some active steps to mislead the borrowers with the result the borrowers were lulled into sitting on their right of redress. Restated, fraudulent concealment requires some additional affirmative fraudulent act to perpetuate the concealment. Mere inaction or silence is not sufficient.") (internal citations omitted).

10

Plaintiff's conclusory allegation, in response to Defendants' motion, is insufficient to warrant equitable tolling. Plaintiff does not present any arguments or authority nor explain why the facts of this case should receive the benefit of equitable tolling. Plaintiff does not allege any wrongful concealment on the part of Defendants, or due diligence on her part, to require the Court to toll the statutory period.

Because Plaintiff's federal claims are time-barred and the doctrine of equitable tolling does not apply, the Court will grant Defendants' motion and dismiss Plaintiff's TILA claims for damages under §§ 1639(a)(1)(A)-(B) and (b)(1).[8]

### D. Predatory Lending: Not Recognized under Michigan Law

In Count II, Plaintiff alleges that Defendants, in consummating the credit transaction with her, engaged in predatory lending. In support of this claim, Plaintiff appears to set forth three alternative violations of state and federal law: (1) a violation of TILA; (2) a violation of Michigan's usury statute, Mich. Comp. Laws § 438.31; and (3) a state-law predatory lending claim.

To the extent that Plaintiff is attempting to assert a TILA claim in Count II, this Court finds that the TILA claims have been fully addressed in Count I and are, therefore, dismissed under Count II.

---

[8] *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, ___ U.S. ___, 129 S. Ct. 1862, 1867 (2009) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims."); *see also* 13D C. Wright, Federal Practice and Procedure § 3567.3 (3d ed. 2008) ("Once it has dismissed the claims that invoked original bases of subject matter jurisdiction, all that remains before the federal court are state-law claims .... The district court retains discretion to exercise supplemental jurisdiction [over them].")." This Court will exercise supplemental jurisdiction over Plaintiff's state-law claims.

To the extent that Plaintiff is asserting a usury claim, any such claim fails because §
438.31 does "not apply to the rate of interest on any note, bond or other evidence of
indebtedness issued by any corporation, association or person, the issue and rate of
interest of which ... is regulated by any other law of this state, or of the United States."
Mich. Comp. Laws § 438.31. Additionally, Plaintiff, in her response to Defendants' motion,
does not contest Defendants' argument that § 438.31 is inapplicable.

Finally, to the extent that Plaintiff argues that predatory lending should be a viable
state-law cause of action, this Court holds that Michigan does not recognize such a claim.
*See Saleh v. Home Loan Services, Inc.*, No. 09-10033, 2009 WL 2496682, at *2 n.1 (E.D.
Mich. Aug.17, 2009); *see also Beydoun v. Countrywide Home Loans, Inc.*, No. 09-10445,
2009 WL 1803198, at *4 (E.D. Mich. June 23, 2009). When adjudicating state-law claims,
this Court is required to decide an issue of state law as would the highest court of the state.
*Combs v. International Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004). Plaintiff has failed to
proffer authority to support a conclusion that the Michigan Supreme Court would recognize
an independent tort claim of "predatory lending."

Accordingly, Plaintiff's predatory lending claim is dismissed.

### E.  Michigan Consumer Protection Act: Not Applicable

In her Complaint, Plaintiff also alleges that Defendants violated the MCPA.
Defendants argue that it is exempt from the MCPA because the statute does not apply to
"transaction[s] or conduct specifically authorized under laws administered by a regulatory
board or officer acting under statutory authority of this state or the United States." Mich.
Comp. Laws § 445.904(1)(a). The Michigan courts, as Defendants note, have concluded
that residential mortgage loan transactions qualify for the exemption. *See, e.g., Newton v.*

12

*Bank W.*, 686 N.W.2d 491, 494 (Mich. Ct. App. 2004). This Court agrees with Defendants and holds that the MCPA does not apply to residential loan transactions.

Furthermore, this Court finds that Plaintiff's reliance on *Attorney General v. Diamond Mortgage Co.*, 327 N.W.2d 805, 811 (Mich. 1982)–for the proposition that the statutory language exempting "transaction[s] or conduct specifically authorized" does not exempt misconduct–is misplaced. *See Mills v. Equicredit Corp.*, 294 F.Supp.2d 903, 910 (E.D. Mich. 2003) ("In *Smith v. Globe Life Ins. Co.*, 597 N.W.2d 28, 38 (Mich. 1999), the Michigan Supreme Court limited its earlier decision in *Attorney General v. Diamond Mortgage Co.*, 327 N.W.2d 805, 811 (Mich. 1982), and held that the Michigan Consumer Protection Act does not apply where 'the general transaction is specifically authorized by law, regardless of whether the specific misconduct is prohibited.'").

Accordingly, Plaintiff's MCPA claim is also dismissed.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss, pursuant to Rule 12(b)(6) is hereby GRANTED. Plaintiff's claims as alleged in the Complaint are hereby DISMISSED in their entirety.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 16, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 16, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

13